# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CASE NO.: CR213-026 |
| TIMOTHY JOHN ARNOLD | : |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Timothy Arnold ("Arnold") has been charged with: theft and conversion of Government property, in violation of 18 U.S.C. § 641; the unlicensed manufacture of and dealing in firearms, in violation of 18 U.S.C. § 922(a)(1)(A); interstate travel to engage in the unlicensed manufacture of and dealing in firearms, in violation of 18 U.S.C. § 924(n); and interstate transport of illegally acquired firearms, in violation of 18 U.S.C. § 922(a)(3). Arnold filed a Motion to Dismiss the Indictment due to an Equal Protection violation. The Government filed a Response. The undersigned held a hearing on all pending motions on November 7, 2013.

Arnold asserts that there are multiple individuals who could and should be charged with the same criminal offenses he is alleged to have committed in this indictment. Arnold contends that no other person has been indicted for these offenses and that the indictment against him should be dismissed based on selective prosecution.

AO 72A
(Rev. 8/82)

"The Fifth Amendment's Due Process Clause has an equal protection component akin to the Equal Protection Clause of the Fourteenth Amendment." United States v. Scrushy, 721 F.3d 1288, 1305 (11th Cir. 2013) (citing Bolling v. Sharpe, 347 U.S. 497, 499–500 (1954)). "It prohibits the federal government from denying to any person in the United States the equal protection of the laws." Id. "[U]nder the Due Process Clause of the Fifth Amendment, the decision whether to prosecute may not be based on an unjustifiable standard such as race, religion, or other arbitrary classification." United States v. Jordan, 635 F.3d 1181, 1188 (11th Cir. 2011) (internal citation omitted). To establish that he is being selectively prosecuted in an unconstitutional manner, a defendant bears a "demanding" burden. Id. "In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the contrary." Id. (quotations omitted). Consistent with ordinary equal protection standards, there must be "a showing 'that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose.'" Id. (quoting United States v. Smith, 231 F.3d 800, 811 (11th Cir. 2000)). Further, in order to obtain an evidentiary hearing on a selective prosecution claim, "the defendant must present facts sufficient to create a reasonable doubt about the constitutionality of a prosecution." (Id.). "Similarly, in order to obtain discovery in support of such a claim, a defendant must provide 'some evidence tending to show the existence of the essential elements of the defense.'" Id. (quoting United States v. Armstrong, 517 U.S. 456, 468 (1996)).

Assuming, *arguendo*, that other people could be indicted for the same offenses with which Arnold has been charged, Arnold has not shown any evidence that the

AO 72A
(Rev. 8/82)

prosecution's decision to indict only Arnold was based on a constitutionally improper purpose. Arnold's Motion to Dismiss (doc. 29) should be **DENIED**. Arnold's request for a hearing on his Motion is **DISMISSED**.

**SO ORDERED and REPORTED** and **RECOMMENDED**, this 3rd day of December, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE