IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 DEC -5 A 10: 09

CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: CR213-026 |
| | : | |
| TIMOTHY JOHN ARNOLD | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Timothy John Arnold ("Arnold") has been charged with: theft and conversion of Government property, in violation of 18 U.S.C. § 641; the unlicensed manufacture of and dealing in firearms, in violation of 18 U.S.C. § 922(a)(1)(A); interstate travel to engage in the unlicensed manufacture of and dealing in firearms, in violation of 18 U.S.C. § 924(n); and interstate transport of illegally acquired firearms, in violation of 18 U.S.C. § 922(a)(3). Arnold filed a Motion to Dismiss due to Statute of Limitations, to which the Government responded.

Arnold contends that the indictment against him should be dismissed because the conduct alleged in the indictment occurred more than five (5) years before the filing of the indictment. Arnold also contends that counts 2 and 3 of the indictment do not specify when the alleged conduct occurred, only that it was before March 22, 2011. Thus, Arnold asserts, the applicable statute of limitations period bars the prosecution against him. The Government alleges that whether Arnold committed criminal acts

within the limitations period is a question of fact for the jury, and, as such, is an affirmative defense for trial.

Section 3282 of Title 18 of the United States Code provides a "catchall" statute of limitations period for non-capital offenses. United States v. Trainor, 376 F.3d 1325, 1329 (11th Cir. 2004). That section states: "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a). "The Government need not allege the time of the offense in the indictment, and it is up to the defendant to raise the limitations defense[.]" Smith v. United States, ___ U.S. ___, 133 S. Ct. 714, 720 (Jan. 9, 2013) (internal citations omitted). A statute of limitations defense is an affirmative defense. As with other affirmative defenses, the burden is on the defendant to prove this defense. Id.

Without discussing the Wartime Suspension of Limitations[1] and its applicability to Arnold's criminal charges, it appears that the Government's prosecution of Arnold's alleged criminal activity falls within the five (5) year limitations period of section 3282.

---

[1] "When the United States is at war or Congress has enacted a specific authorization for the use of the Armed Forces, as described in section 5(b) of the War Powers Resolution (50 U.S.C. 1544(b)), the running of any statute of limitations applicable to any offense (1) involving fraud or attempted fraud against the United States or any agency thereof in any manner, whether by conspiracy or not, or (2) committed in connection with the acquisition, care, handling, custody, control or disposition of any real or personal property of the United States, or (3) committed in connection with the negotiation, procurement, award, performance, payment for, interim financing, cancelation, or other termination or settlement, of any contract, subcontract, or purchase order which is connected with or related to the prosecution of the war or directly connected with or related to the authorized use of the Armed Forces, or with any disposition of termination inventory by any war contractor or Government agency, shall be suspended until 5 years after the termination of hostilities as proclaimed by a Presidential proclamation, with notice to Congress, or by a concurrent resolution of Congress. For purposes of applying such definitions in this section, the term 'war' includes a specific authorization for the use of the Armed Forces, as described in section 5(b) of the War Powers Resolution (50 U.S.C. 1544(b))." 18 U.S.C. § 3287.

AO 72A
(Rev. 8/82)

The earliest date alleged in the indictment is January 2006, but that count states that the offenses charged continued through November 2010. (Doc. No. 1, p. 6). The Government's indictment was filed on June 10, 2013. (Doc. No. 1). Arnold has not shown that his alleged crimes were completed on or before June 9, 2008, and his Motion should be **DENIED**. However, this recommendation has no bearing on whether Arnold can bring a statute of limitations defense at trial. Rather, this recommendation pertains to Arnold's Motion to Dismiss the indictment against him.

**SO REPORTED** and **RECOMMENDED**, this 5th day of December, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)