# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

UNITED STATES OF AMERICA

vs.

CR 213-26

TIMOTHY JOHN ARNOLD

**ORDER**

Defendant Timothy Arnold has filed a Motion to Suppress Statements. Dkt. No. 26. After an independent and de novo review, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Defendant has objected. Dkt. Nos. 50, 76. The basis for Defendant's objection: as to Agent Wendell Palmer's interviews, Defendant was coerced and led to believe that his statements were being made in the course of an "administrative" investigation—implicitly, a distinction that prevents the Government from using the statements against him. See Dkt. No. 76, at 1.

A statement is voluntarily made only if it is "the product of an essentially free and unconstrained choice by its maker." Culombe v. Connecticut, 367 U.S. 568, 602 (1961). The Court must suppress statements that result from coercion by law

AO 72A
(Rev. 8/82)

enforcement. See Colorado v. Connelly, 479 U.S. 157, 163, 167 (1986). In assessing voluntariness, the inquiry is factual and depends on the totality of the circumstances. United States v. Bernal-Benitez, 594 F.3d 1303, 1319 (11th Cir. 2010). It warrants consideration of the accused's characteristics and the interrogation's details, including:

> [1] the accused's lack of education, or his low intelligence, [2] the lack of any advice to the accused of his constitutional rights, [3] the length of detention, [4] the repeated and prolonged nature of the questioning, and [5] the use of physical punishment such as the deprivation of food or sleep.

Id. (quoting Waldrop v. Jones, 77 F.3d 1308, 1316 (11th Cir. 1996)) (editorial marks and internal quotation marks omitted); see also Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973). These factors weigh into "whether a statement was made freely or whether the defendant's 'will has been overborne and his capacity for self-determination has been critically impaired.'" United States v. Lynn, 547 F. Supp. 2d 1307, 1310 (S.D. Ga. 2008) (quoting Devier v. Zant, 3 F.3d 1445, 1455-56 (11th Cir. 1993)).

Defendant has offered nothing that cuts against finding that his statements were voluntarily made. He was told that he was free to leave as he wished, and that his cooperation was voluntary. Further, as a firearms instructor for the Air Force, there is no reason to doubt that Defendant is a reasonably

2

intelligent person able to act on his own free will. Lastly, nothing coercive has been shown about the manner in which Palmer conducted the interviews, to which Defendant arrived on his own accord. In fact, Palmer testified that he never intimated to Defendant that Defendant could keep his job if he spoke with Palmer and was truthful. Without other evidence of coercion, the mere fear of suffering an adverse employment action for not cooperating with an investigation does not warrant a conclusion that Defendant's statements were involuntarily made. Cf. United States v. Muegge, 225 F.3d 1267, 1270 (11th Cir. 2000) (per curiam) (finding that the situation does "not constitute the type of restraint on [an individual's] freedom associated with a formal arrest"); United States v. Dudley, No. 1:10-CR-075-CAP-RGV, 2011 WL 1100607, at *5 (N.D. Ga. Feb. 3, 2011) (finding that the defendant's fear of losing his job for not complying with investigators was "insufficient to create a custodial interrogation requiring that Miranda warnings be given"), adopted by, 2011 WL 1060659 (N.D. Ga. Mar. 24, 2011). Indeed, Defendant has presented nothing to suggest that his statements were the product of coercion. Although Defendant emphasizes his perception that the interviews were "administrative," no evidence suggests that he was misled, and the Court has found no authority for a conclusion that such a subjective impression

AO 72A
(Rev. 8/82)

that an investigation was "administrative" is material to the voluntariness inquiry.

For the aforementioned reasons, Defendant's objection is without merit and **OVERRULED**. Dkt. No. 76. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Dkt. No. 50. Defendant's Motion to Suppress Statements is **DENIED**. Dkt. No. 26.

**SO ORDERED**, this 2ND day of January, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA