# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

UNITED STATES OF AMERICA

vs.

CR 213-26

TIMOTHY JOHN ARNOLD

**ORDER**

Defendant Timothy Arnold has filed a Motion to Suppress in regard to evidence seized. Dkt. No. 27. After an independent and <u>de novo</u> review, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Defendant has objected. Dkt. Nos. 52, 77. Defendant objects on three bases.

First, Defendant asserts that Agent Wendell Palmer lacked authority to question Defendant about items that Palmer "suspected" to be government property because Defendant's consent on March 3, 2011, was limited to a search for illegal badges.[1] Dkt. No. 77, at 1. As to a validly authorized search conducted pursuant to consent, the only constraint is "that the scope of the search be limited to the terms of its

---

[1] Although Defendant states that the search occurred on May 3, 2011, the Magistrate Judge's Report and Recommendation and the Government's brief state that the search occurred on March 3, 2011. Dkt. Nos. 38, at 17; 52, at 1-2; 77, at 1.

1

authorization"; if consent is general, then it includes permission to search any area that might reasonably contain objects of the search. United States v. Susini, 261 F. App'x 270, 273 (11th Cir. 2008) (per curiam). Here, rather than assert that Palmer entered an area for which consent was not given, Defendant argues that the scope of Palmer's questioning should have been narrower. However, law enforcement is permitted to ask questions, which are often critical for investigating suspicious circumstances. See, e.g., Terry v. Ohio, 392 U.S. 1, 34 (1968) (White, J., concurring) ("There is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the streets."); United States v. Paskett, 950 F.2d 705, 706 (11th Cir. 1992) (noting that an officer asked about a large stack of money on a bed in plain view); Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 3.6(f) (3d ed. 1996) (discussing how police questioning and a suspect's responses may create probable cause). Mere police questioning is permitted "even if such questioning is about a topic unrelated to the initial purpose of the search or seizure—so long as it does not prolong the time reasonably required to complete that initial mission." United States v. Hernandez, 418 F.3d 1206, 1209 n.3 (11th Cir. 2005) (quoting Muehler v. Mena, 544 U.S. 93, 101 (2005)) (internal quotation marks and alterations omitted); see also United States

AO 72A
(Rev. 8/82)

2

v. Griffin, 696 F.3d 1354, 1360-61 (11th Cir. 2012) (reversing the lower court's determination that questions constituted an unreasonable search on the basis that they were not reasonably related in scope to the circumstances justifying the stop). Here, the questioning—which Defendant does not argue prolonged the time reasonably required for the search—was not even unrelated in a broad sense, but instead concerned other items of government property suspected to be in Defendant's possession. Therefore, Defendant has provided no sound basis to conclude that Palmer impermissibly asked questions.

Second, Defendant contends that the plain view exception to the prohibition against warrantless searches does not apply because the property's incriminating character was not immediately apparent. Dkt. No. 77, at 1-2. Although the Fourth Amendment protects an individual's right to be free from unreasonable searches and seizures, it is well-established that "under certain circumstances the police may seize evidence in plain view without a warrant." Coolidge v. New Hampshire, 403 U.S. 443, 465 (1971). If "the initial intrusion that brings the police within plain view of such an article is supported, not by a warrant, but by one of the recognized exceptions to the warrant requirement," then seizure of such object is legitimate. Id. However, "extension of the original justification is legitimate only where it is immediately apparent to the police

AO 72A
(Rev. 8/82)

that they have evidence before them." Id. at 466. "For an item's incriminating character to be 'immediately apparent,' the police merely need probable cause to believe that the item is contraband." United States v. Simpson, 259 F. App'x 164, 167 (11th Cir. 2007) (per curiam) (quoting Texas v. Brown, 460 U.S. 730 (1983)). In turn, probable cause "requires that the facts available to the officer would warrant a man of reasonable caution in the belief that certain items may be contraband . . . . A practical, nontechnical probability that incriminating evidence is involved is all that is required." United States v. Alim, 256 F. App'x 236, 238 (11th Cir. 2007) (per curiam) (ellipsis in original omitted) (quoting Brown, 460 U.S. at 742). Compare United States v. Smith, 459 F.3d 1276, 1291-93 (11th Cir. 2006) (deferring to the district court's and investigator's determination that photographs obviously contained minors) with United States v. Lall, 607 F.3d 1277, 1291-92 (11th Cir. 2010) (finding clear that there was no probable cause to seize computer equipment in plain view, given that the officer admitted to "not knowing what [the evidence] was" (emphasis omitted)).

Because Palmer properly questioned Defendant about items suspected to be government property—and Defendant admitted that the items were United States property—there was probable cause to seize the items. Palmer testified that he suspected that

AO 72A
(Rev. 8/82)

many of the items were government property because they were marked, or because they "looked" like government property. However, Palmer seized items only if Defendant admitted that they were not his. Indeed, Palmer left items if Defendant claimed ownership, even if Palmer suspected otherwise. Through Defendant's admissions, the items' incriminating nature was immediately apparent, as no search was necessary to determine that they were contraband. See Minnesota v. Dickerson, 508 U.S. 366, 375 (1993) (stating that incriminating character is not immediately apparent if "some further search of the object" in plain view is required to determine whether it is contraband); United States v. Ortiz, 422 U.S. 891, 897 (1975) (stating that a police officer may consider "the responses [that suspects] give to officers' questions" in determining whether there is probable cause to search a vehicle); United States v. Candella, 469 F.2d 173, 175 (2d Cir. 1972) (holding that evidence admitted by a suspect to exist was no longer concealed, but rather "in effect, in the 'plain view' of the agents"); United States v. Duckett, 583 F.2d 1309, 1313-14 (5th Cir. 1978) (finding probable cause to seize letters in plain view despite an officer not knowing whether they were stolen or lost).

Although Defendant asserts that Lall compels exclusion of the evidence, that case is distinguishable. Dkt. No. 77, at 1-2. In Lall, the Eleventh Circuit held that seized computer

equipment should have been excluded because officers relied upon the defendant's coerced cooperation and admissions to determine that the devices were incriminating. See Lall, 607 F.3d at 1291-92 ("In this case, we have found [the defendant's] confession involuntary—a conclusion that compels the suppression of any physical evidence derived from it."). Although Palmer likewise relied upon Defendant's cooperation to determine the evidence's incriminating nature, there has been no showing that Defendant's cooperation was coerced. Further, although the officer in Lall admitted to being unable to recognize what items were used for criminal activity, Palmer had some reason to believe the items were government property from their features, and only afterward asked specific questions about their ownership. As a result, on these facts, Lall is distinguishable. Therefore, the plain view exception was properly invoked in seizing the items.

Lastly, Defendant objects on the basis that the Report and Recommendation failed to address whether the fruit-of-the-poisonous-tree doctrine should exclude the evidence. Dkt. No. 77, at 2. However, because the evidence was properly seized, there is no basis in Defendant's argument to exclude it. United States v. Lopez-Garcia, 565 F.3d 1306, 1319 (11th Cir. 2009).

For the aforementioned reasons, Defendant's objections are without merit and **OVERRULED**. Dkt. No. 77. The Magistrate

Judge's Report and Recommendation is adopted as the opinion of the Court. Dkt. No. 52. Defendant's Motion to Suppress is **DENIED**. Dkt. No. 27.

**SO ORDERED**, this 6TH of January, 2014.

*[signature]*

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA